UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
----------------------------------------------------------x
THE BANK OF NEW YORK TRUST  :
COMPANY, N.A., as Trustee,  :
: 07 Civ. 8255 (PKC)
Plaintiff, :
:
- against - :
:
FIRST MAGNUS CAPITAL, INC. and THOMAS :
W. SULLIVAN, SR. as Trustee of the THOMAS :
W. SULLIVAN SR. REVOCABLE TRUST, :
:
Defendants. :
----------------------------------------------------------x

## BRIEF OF PLAINTIFF BANK OF NEW YORK TRUST COMPANY, N.A. IN SUPPORT OF ORDER TO SHOW CAUSE FOR EXPEDITED DISCOVERY

### Preliminary Statement

Plaintiff The Bank of New York Trust Company, N.A. ("BNY") respectfully submits this memorandum of law in support of its motion for expedited discovery, pursuant to Fed. R. Civ. P. 26(d), in anticipation of a preliminary injunction motion.

### I. INTRODUCTION AND FACTUAL BACKGROUND

This is a diversity action for declaratory and equitable relief concerning the priority of BNY's rights as Trustee under the Junior Subordinated Indenture, dated as of August 30, 2006 (the "Indenture"), by and between defendant First Magnus Capital, Inc. ("FMC") and BNY as successor to JPMorgan Chase Bank, N.A.

BNY moves by Order to Show Cause for expedited discovery of FMC's assets because FMC and its largest shareholder and Chairman – defendant Thomas W. Sullivan, Sr. ("Sullivan") – have refused to recognize that FMC's $25 million obligation under the Indenture is senior to FMC's $10 million obligation to Sullivan under a subsequent note; FMC appears to have

NYC:745509.1

insufficient assets to pay both obligations; FMC has already commenced liquidating assets to pay its debts; and Sullivan has indicated that he may leave the country with funds of FMC.

Because there is a substantial risk that FMC will distribute its liquidation proceeds to its Chairman before repaying BNY's senior obligation - thereby irreparably harming BNY by rendering any potential money judgment against FMC meaningless – BNY needs the expedited discovery so that it can identify assets and proceeds which can then be restrained by the Court.

## II. ARGUMENT

Rule 26(d) of the Federal Rules of Civil Procedure requires a party to obtain leave of court to serve discovery prior to a Rule 26(f) conference.[1] In *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005), the court held that the applicable standard in issuing an order permitting expedited discovery is "a flexible standard of reasonableness and good cause." Although some courts have applied a more rigid four-part test derived from *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982),[2] the court in *Ayyash* rejected the *Notaro* test finding that it "is similar to the analysis necessary to justify the far more dramatic decision to grant a preliminary injunction, and employing a preliminary-injunction type analysis to determine entitlement to expedited discovery makes little sense, especially when applied to a request to expedite discovery in order to prepare for a preliminary injunction hearing." *Ayyash*, 233 F.R.D. at 326-27.

---

[1] A Rule 16 conference has been scheduled for November 2, 2007.

[2] *Notaro* required a showing of "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." *Notaro*, 95 F.R.D. at 405.

Indeed, "the intention of the [Federal Rules of Civil Procedure] was to confide the matter [of expedited discovery] to the Court's discretion, rather than to impose a specific and stringent test." Accord *Standard Investment Chartered, Inc. v. National Association of Securities Dealers, Inc.*, 2007 U.S. Dist. LEXIS 27342, at *15-16 (S.D.N.Y. Apr. 11, 2007) (permitting expedited discovery notwithstanding that the Magistrate Judge did not make explicit findings regarding the *Notaro* elements).

As set forth in the accompanying Altschul Declaration, expedited discovery is needed in this case to identify and locate FMC's assets and the proceeds from liquidation of its assets before they disappear. Expedited discovery will help pinpoint specific assets and proceeds and will help the Court fashion appropriate specific injunctive relief in connection with BNY's anticipated motion for a preliminary injunction.

With respect to the ultimate injunctive relief (and the irreparable injury element of the *Notaro* test), expedited discovery is necessary to avoid irreparable injury, because dissipation of FMC's assets and liquidation proceeds would leave FMC unable to satisfy any monetary judgment against it, leaving BNY with harm irreparable by legal remedy. *See In re Feit & Drexler, Inc.*, 760 F.2d 406, 415-16 (2d Cir. 1985) (injunctive relief, including temporary restraining order, appropriate "to prevent [debtor] from making uncollectible any judgment [plaintiff] may eventually obtain"); *Pashaian v. Eccelston Props., Ltd.*, 88 F.3d 77, 87 (2d Cir. 1996) ("preliminary injunction may issue to preserve assets as security for a potential monetary judgment where the evidence shows that a party intends to frustrate any judgment on the merits by making it uncollectible") (citation omitted).

In addition, discovery of assets is appropriate because of BNY's need to ascertain whether it can collect a money judgment. *See Trustees of the Sickness & Accident Fund v.*

*Philips Winson, Inc.*, 2000 U.S. Dist. LEXIS 3624, at *7-9 (S.D.N.Y. Jan. 26, 2000) (rejecting defendants' contention that documents sought concerning defendants' financial condition related only to "an asset discovery proceeding to enforce collection of a judgment" and finding that such documents "are relevant and/or might lead to admissible evidence"); *Novomoskovsk Joint Stock Co. "Azot" v. Revson*, 1996 U.S. Dist. LEXIS 7242, at *2 (S.D.N.Y. May 28, 1996) (finding "documents sought – largely financial records – relate sufficiently to plaintiff's claims ... to be discoverable," over defendants' objection that documents sought were irrelevant because they related only to post-judgment enforcement).

## III. CONCLUSION

For the foregoing reasons, and those set forth in the accompanying Altschul Declaration, BNY's motion for expedited discovery should be granted.

Dated  New York, New York
       October 2, 2007

WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP

By: _____
    Kenneth G. Roberts (KR 6960)
    Attorneys for Plaintiff
    250 Park Avenue
    New York, NY 10177
    212-986-1116