UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------------x
THE BANK OF NEW YORK TRUST  :
COMPANY, N.A., as Trustee,
                                :     07 Civ. 8255 (PKC)

               Plaintiff,
                                :
       - against -                   **FIRST AMENDED**
                                :     **COMPLAINT**

FIRST MAGNUS CAPITAL, INC. and THOMAS
W. SULLIVAN, SR. as Trustee of the THOMAS  :
W. SULLIVAN SR. REVOCABLE TRUST,
                                :
              Defendants.
                                :
------------------------------------------------------------x

       Plaintiff The Bank of New York Trust Company, N.A., as Trustee under the Junior Subordinated Indenture, dated as of August 30, 2006 (the "Indenture"), by and between First Magnus Capital, Inc. and The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, National Association, as Trustee, by its attorneys, Wolf, Block, Schorr and Solis-Cohen LLP, for its complaint, alleges:

       1.     This is a diversity action for breach of the Indenture, and for declaratory and equitable relief arising out of the refusal by defendant Thomas W. Sullivan, Sr. ("Sullivan"), the chairman and largest shareholder of First Magnus Capital, Inc. ("FMC"), and defendant FMC to recognize that the $10 million note FMC issued to Sullivan in August 2007 is subordinate to the $25,511,000 note issued by FMC under the Indenture a year earlier, in August 2006.

## JURISDICTION AND VENUE

       2.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), in that the matter in controversy is between citizens of different states and exceeds the sum or value of $75,000 exclusive of interest and costs.

NYC:750481.7

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(a), in that a substantial part of the events or omissions giving rise to the claim occurred in this District, and defendant FMC expressly consented to venue in this District.

## THE PARTIES

4. Plaintiff The Bank of New York Trust Company, N.A. ("BNY"), Trustee under the Indenture, is a national banking association with its principal place of business in Los Angeles, California and offices at One Wall Street, New York, New York 10286.

5. On information and belief, defendant FMC is an Arizona corporation with its principal place of business at 603 North Wilmot Road, Tucson, AZ 85711.

6. On information and belief, defendant Sullivan is an individual citizen and resident of Arizona, is an officer, director and shareholder of FMC, and is the grantor and trustee of a revocable trust known as the Thomas W. Sullivan, Sr. Revocable Trust.

## FACTS RELEVANT TO ALL CLAIMS

7. On or about August 30, 2006, FMC issued a $25,511,000 note (the "Note") (Exhibit A hereto) together with the Indenture (Exhibit B hereto).

8. Pursuant to the Indenture, the Note is subordinate only to "Senior Debt" – which is defined as "all Debt of [FMC] … unless it is provided in the instrument creating or evidencing the same … that such obligations are not superior in right of payment to the Securities issued under this Indenture…." Indenture § 12.1.

9. Approximately one year after the issuance of the Note, FMC issued to Sullivan a $10 million Unsecured Subordinated Convertible Promissory Note, dated August 1, 2007 (the "Sullivan Note") (Exhibit C hereto), together with a Subordinated Debt Loan Agreement dated as of August 1, 2007 (the "Sullivan Loan Agreement") (Exhibit D hereto).

10. The Sullivan Loan Agreement expressly provides that it is subordinate to all "Senior Debt" (§ 2.3(a)), which is defined as "**all existing Indebtedness**..." (§ 1.1) (emphasis added). Thus, the Sullivan Loan Agreement expressly makes FMC's obligations to Sullivan subordinate to the pre-existing indebtedness owing under the Note.

11. Upon information and belief, FMC does not have sufficient assets to satisfy both the Note and the Sullivan Note.

12. Upon information and belief, FMC is in the process of liquidating its principal assets. In particular, on information and belief, FMC is in the process of liquidating: (a) a Falcon Jet; (b) shares of WNS Holdings Limited; and (c) a subsidiary known as First Magnus Reinsurance.

13. Sullivan and FMC have stated that they do not consider FMC's indebtedness under the Sullivan Note subordinate to its indebtedness under the Note, and that FMC will make payments to Sullivan out of the proceeds of its asset liquidation notwithstanding the fact that FMC will have insufficient assets to satisfy its senior debt owing under the Note.

### FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

14. Plaintiff repeats and realleges the foregoing allegations as if set forth fully herein.

15. 28 U.S.C. § 2201(a) provides: "In a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

16. There is a case of actual controversy between the parties based on Sullivan's and FMC's refusal to recognize that FMC's obligations to Sullivan are subordinate to its obligations under the Note.

17.     Accordingly, plaintiff is entitled to a declaratory judgment declaring that FMC's obligations under the Note are superior to FMC's obligations under the Sullivan Note.

### SECOND CLAIM FOR RELIEF
### (Constructive Trust)

18.     Plaintiff repeats and realleges the foregoing allegations as if set forth fully herein.

19.     It would be inequitable to allow FMC to distribute its limited assets to Sullivan, a junior creditor who is FMC's chairman and largest shareholder, while leaving insufficient assets to pay the senior indebtedness owing under the Note.  Equity therefore requires that a constructive trust be imposed over the proceeds of the liquidation of FMC's assets, so that the proceeds are not distributed to Sullivan or other subordinate equity holders or creditors in contravention of its obligations under the Note.

20.     Accordingly, plaintiffs are entitled to a constructive trust over all proceeds from any sale, assignment or transfer of FMC's assets.

21.     BNY does not have an adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### (Injunction)

22.     Plaintiff repeats and realleges the foregoing allegations as if set forth fully herein.

23.     Absent an injunction enjoining Sullivan and FMC from paying any monies to Sullivan or other equity holders or creditors holding debt subordinate to the Note, the beneficial owner of the Note will be irreparably harmed because FMC will be left with insufficient assets to satisfy its obligations owing under the Note.

24.     The balance of equities favors an injunction.

25.     BNY does not have an adequate remedy at law.

26.     Accordingly, BNY is entitled to an injunction enjoining Sullivan, FMC and all employees, agents and persons acting on their behalf, from paying any monies to or on behalf of

Sullivan or any other owner or holder of equity of FMC or any other creditor of FMC, pending further court order.

### FOURTH CLAIM FOR RELIEF
### (Breach of Indenture)

27. Plaintiff repeats and realleges the foregoing allegations as if set forth fully herein.

28. Pursuant to the Indenture, FMC owed an interest payment in the amount of $554,807.56 on October 30, 2007.

29. FMC defaulted on the interest payment due on October 30, 2007, and remained in default for thirty days. This constituted an "Event of Default" under Section 5.1 of the Indenture.

30. Pursuant to Section 10.9 of the Indenture, FMC covenanted that (a) its Tangible Net Worth as of the end of any fiscal quarter would not be less than $140,000,000; (b) the ratio of Total Liabilities to Tangible Net Worth as of the last day of any fiscal quarter would not exceed 10 to 1; and (c) the Interest Coverage Ratio for the twelve-month period ending on the last day of any fiscal quarter would not be less than 1.2 to 1.

31. FMC defaulted on the foregoing covenants and remained in default for thirty days after written notice thereof. This constituted an "Event of Default" under Section 5.1 of the Indenture. Accordingly, BNY may declare upon notice to FMC that the entire principal amount of $25,511,000.00 shall be immediately due and payable in full.

32. By virtue of the foregoing, FMC owes BNY interest in the amount of $771,042.44 through November 30, 2007, plus $6,975.32 per diem thereafter, plus such other and further amounts that are or shall become due, together with costs, expenses, attorneys' fees and statutory interest.

**WHEREFORE**, plaintiff BNY demands judgment:

(a) Declaring that FMC's obligations under the Note are superior to FMC's obligations under the Sullivan Note;

(b) Imposing a constructive trust over any proceeds from any sale, assignment or transfer of FMC's assets;

(c) Enjoining Sullivan, FMC and all employees, agents and persons acting on their behalf, from paying any monies to or on behalf of Sullivan or any other owner or holder of equity of FMC or any other creditor of FMC, pending further court order;

(d) Awarding damages in the amount of $771,042.44 through November 30, 2007, plus $6,975.32 per diem thereafter, plus such other and further amounts that are or shall become due, together with costs, expenses, attorneys' fees and statutory interest; and

(e) Granting such other and further relief as the Court deems just and proper.

Dated  New York, New York
       December 3, 2007

WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP

By:_____/s/_____
        Kenneth G. Roberts
        kroberts@wolfblock.com
        Zachary C. Glaser
        zglaser@wolfblock.com
250 Park Avenue
New York, NY 10177
212-986-1116

Attorneys for Plaintiff
