**Kucker & Bruh, LLP**
ATTORNEYS AT LAW

747 THIRD AVENUE
NEW YORK, NY 10017

212-869-5030
FAX 212-944-5818
www.kuckerandbruh.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12·13·07

SAUL D. BRUH
ALAN D. KUCKER
PATRICK K. MUNSON
JAMES R. MARINO
NATIV WINIARSKY
ANDREW B. BITTENS†
WILLIAM D. HUMMELL
JOHN M. CHURNEFTSKY
CATHERINE A. HELWIG†
LOUIS L. NOCK†

ARAM L. ERENBURG†
MICHAEL A. KORN
IVAN B. OKUN
FEI ZHONG†

OF COUNSEL
ABNER T. ZELMAN
EDWARD P. ALPER†

†ALSO ADMITTED IN N.J.

December 12, 2007

BY FAX: 212-805-7949, and MAIL

Honorable P. Kevin Castel
United States District Court Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street – Room 2260
New York, New York 10007

**MEMO ENDORSED**

Re: Bank of New York v. First Magnus Capital, Inc. and Thomas W. Sullivan, Sr.,
As Trustee of the Thomas W. Sullivan Sr. Revocable Trust
U.S. District Court # 07 CV 8255 (PKC) (JCF)

Judge Castel:

I was compelled by false allegations in a December 12, 2007 letter submitted by plaintiff Bank of New York ("BNY") to prepare this response which clarifies the true facts.

It is outrageous for BNY to claim in error that Thomas Sullivan waived his defense of lack of New York personal jurisdiction by participating in limited proceedings in Tucson, Arizona. The truth is that Mr. Sullivan entered into an agreement requested by BNY in which it was explicitly agreed, and confirmed in writing with BNY's attorneys by Gary Fletcher (Arizona attorney for Mr. Sullivan in his home town, Tucson) that, throughout the brief period of time in which Mr. Sullivan participated in limited proceedings in Tucson, he had fully reserved his defense of lack of New York personal jurisdiction. For example, in an October 26, 2007 electronic letter exchanged with Zach Glaser (Kenneth Roberts' colleague), the existence of an explicit agreement for a full reservation of Mr. Sullivan's defense of lack of New York personal jurisdiction, was confirmed (emphasis added):

> "Zach, I can give you Wed Nov the 7th in Tucson. I'm remote with clients on other matters today but will check email as timing permits. **This confirms my understanding that we agree that the voluntary depo of Mr. Sullivan in Tucson in no manner will be asserted to be an acquiescence to jurisdiction over Mr. Sullivan in the NY Suit and, in the event our efforts at resolution are unsuccessful, all jurisdictional arguments and all other defenses are hereby preserved for assertion at that time. . . ."

Similarly, in an electronic letter exchanged with Zach Glaser on October 30, 2007, Mr. Fletcher insisted the Stipulation to be presented by BNY to the Court would reflect the existing

**Kucker & Bruh, LLP**

Honorable P. Kevin Castel
December 12, 2007
Page 2

explicit agreement among BNY and Mr. Sullivan that he had fully reserved his defense of lack of New York personal jurisdiction (emphasis added):

> "Can you indulge my paranoia and add a sentence indicating **the parties' acknowledgment and agreement that the Stip is provided to facilitate Plaintiff's request for accelerated discovery and to cooperate in attempted negotiated resolution, and shall in no manner be deemed an appearance by Defendant Sullivan or otherwise a waiver of jurisdictional arguments.**"

Similarly, in an electronic letter exchanged with Zach Glaser on November 12, 2007, copied to his colleague, Kenneth Roberts, Mr. Fletcher insisted BNY's letter to Judge Castel to be presented in advance of the initial conference would reflect the existing explicit agreement among BNY and Mr. Sullivan that he fully reserved his defense of lack of New York personal jurisdiction (emphasis added)

> "Zach, today was the first I had seen the Order. Given the current status regarding representation, I would request the following two simple revisions: . . .
>
> "Section 3, add the following sentence: **In the event ongoing settlement efforts are unsuccessful, determinations regarding any motion practice to be pursued on behalf of Defendant Sullivan, whether based on jurisdiction or otherwise, will be made by NY counsel, retention of whom is pending and awaiting outcome of settlement discussions.**"

It is shameful that BNY made a false argument that Mr. Sullivan waived his defense of lack of New York personal jurisdiction.

It is sheer nonsense for BNY also to allege, in the 2nd paragraph of Mr. Roberts' December 12, 2007 letter (and repeat in the 6th paragraph) that Mr. Sullivan waived his defense of lack of personal jurisdiction by delaying in making a motion. It is inconceivable that Mr. Roberts has forgotten the November 16, 2007 court conference, in which it was shown that BNY never properly served Mr. Sullivan with a summons and complaint. If Mr. Sullivan had not rescued BNY from its ineptitude by signing a stipulation, So Ordered on November 1, 2007, in which he agreed to acknowledge service even though it never happened (and in which he explicitly reserved his defense of lack of New York personal jurisdiction), Mr. Sullivan still to this day might not have been served. In any event, the earliest possible date on which he faced any deadline to respond to the Complaint was November 21, 2007 (20 days after the effective date of the Stipulation). However, on November 16, 2007, the Court agreed to extend the future deadline for Mr. Sullivan to move for dismissal of the Complaint for lack of New York personal jurisdiction, or answer the Complaint, until a date subsequently to be determined by the Court. Under the circumstances, it is sheer nonsense for BNY to argue that Mr. Sullivan waived his defense by delaying in making a Rule 12(b)(2) motion.

The rhetoric in the 7th paragraph of Mr. Roberts' letter (in which BNY suggests that Mr. Sullivan would not have waited three months to make a Rule 12(b)(2) motion if the facts are truly clear in showing New York has no personal jurisdiction over him. What BNY ignores is that Mr.

**Kucker & Bruh, LLP**

Honorable P. Kevin Castel
December 12, 2007
Page 3

Sullivan never was properly served with a summons or complaint. There is certainly nothing unusual about a named party failing to respond to a pleading not properly served on him. In addition, applying BNY's own logic, if there was any merit to its Complaint or its false assertion of New York personal jurisdiction over Mr. Sullivan, BNY would not have waited three months to properly serve the pleadings on him (which they failed to do).

Despite the convoluted reasoning in the final paragraph of BNY's letter, the fact remains it has absolutely no evidence that Mr. Sullivan, a resident of Tucson, Arizona, has a nexus with New York. It is inappropriate for BNY to insist he travel to New York. In addition, given the manner in which BNY appears to operate, in the event Mr. Sullivan was to travel to New York, this would prompt BNY subsequently to claim his involuntary visit should be deemed evidence of a waiver or his defense of lack of personal jurisdiction. The two cases cited by BNY are clearly distinguishable.

Respectfully,

William D. Hummell

cc: By Electronic Transmittal, and Regular U.S. Mail

Kenneth G. Roberts, Esq.   (KRoberts@WOLFBLOCK.com)
Wolf, Block, Schorr & Solis-Cohen LLP
250 Park Avenue
New York, NY 10177

--------------------

Christopher H. Bayley, Esq.   (cbayley@swlaw.com)
Jonathan M. Saffer, Esq.   (jmsaffer@swlaw.com)
Snell & Wilmer, L.L.P.
One S. Church Avenue, Suite 1500
Tucson, Arizona 85701

*[Handwritten note from judge:]* Plaintiff may conduct jurisdictional discovery of defendant Sullivan, including a deposition of Mr. Sullivan in Tucson, between today and January 31, 2008. Thereafter, defendant Sullivan may move to dismiss. Express no view on the issue of waiver. No premotion conference required prior to the foregoing motion to dismiss. SO ORDERED.

/s/ P. Kevin Castel, USDJ
12-13-07