UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------------x
THE BANK OF NEW YORK TRUST           :
COMPANY, N.A., as Trustee,
                                      :   07 Civ. 8255 (PKC)
             Plaintiff,
                                      :
   - against -                            **FMC'S ANSWER TO FIRST
                                      :   AMENDED COMPLAINT**
FIRST MAGNUS CAPITAL, INC. and THOMAS
W. SULLIVAN, SR. as Trustee of the THOMAS  :
W. SULLIVAN SR. REVOCABLE TRUST,
                                      :
             Defendants.
                                      :
------------------------------------------------------------x

For its Answer to the First Amended Complaint filed by the plaintiff, The Bank of New York Trust Company, N.A., as Trustee under the Junior Subordinated Indenture, dated as of August 30, 2006 ("BNY") ("Complaint"), First Magnus Capital, Inc. ("FMC") admits, denies, and affirmatively alleges as follows:

## ANSWER

1.    Upon information and belief, FMC admits the allegations contained in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.    FMC admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

3.    FMC denies the allegations in Paragraph 3 of the Complaint which alleges that the venue for BNY's action is proper in this District pursuant to 28 U.S.C. §1391(a). As stated in Paragraph 35 of this Answer to the Complaint, BNY failed to join one or more necessary parties under Rule 19, Federal Rules of Civil Procedure in this action, and it appears this action should have been filed in a venue in which all of the necessary parties may be joined – the United Stated

District Court in Tucson, Arizona. FMC denies the remaining allegations in this paragraph of the Complaint.

## THE PARTIES

4. FMC is without sufficient knowledge or information to enable it to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and therefore denies the same.

5. FMC admits the allegations contained in Paragraph 5 of the Complaint.

6. FMC is without sufficient knowledge or information to enable it to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore denies the same.

## FACTS RELEVANT TO ALL CLAIMS

7. FMC admits the allegations contained in Paragraph 7 of the Complaint.

8. To the extent that Paragraph 8 of the Complaint refers to an excerpt from a document that is appended to the Complaint, FMC alleges that the document speaks for itself and therefore no response is necessary or appropriate. Likewise, to the extent that Paragraph 8 of the Complaint calls for a legal conclusion concerning subordination, no response is necessary or appropriate.

9. FMC admits the allegations contained in Paragraph 9 of the Complaint.

10. To the extent that Paragraph 10 of the Complaint refers to an excerpt from a document, FMC alleges that the document speaks for itself and therefore no response is necessary or appropriate. Likewise, to the extent that Paragraph 10 of the Complaint calls for a legal conclusion concerning subordination, no response is necessary or appropriate.

11. FMC admits the allegations contained in Paragraph 11 of the Complaint.

12. FMC admits the allegations contained in Paragraph 12 of the Complaint.

482101. 1

13. FMC is without sufficient knowledge or information to enable it to form a belief as to the truth of BNY's allegations concerning representations by or on behalf of Thomas Sullivan, Sr. ("Sullivan"), and therefore denies the same. FMC denies the remaining allegations contained in Paragraph 13 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment)**

14. As its response to BNY's allegations in its First Claim for Relief, FMC incorporates by reference its responses contained in the previous paragraphs of its Answer as if set forth fully herein.

15. Paragraph 15 of the Complaint merely cites to an excerpt of a federal statute, and therefore no response is necessary or appropriate.

16. FMC is without sufficient knowledge or information to enable it to form a belief as to the truth of BNY's allegations concerning representations by or on behalf of Sullivan, and therefore denies the same. FMC denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint calls for a legal conclusion, and therefore no response is necessary or appropriate.

**SECOND CLAIM FOR RELIEF**
**(Constructive Trust)**

18. As its response to BNY's allegations in its Second Claim for Relief, FMC incorporates by reference its responses contained in the previous paragraphs of its Answer as if set forth fully herein.

19. FMC is without sufficient knowledge or information to enable it to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore denies the same. To the extent that Paragraph 19 of the Complaint purports to summarize equitable

482101. 1

principles or invoke a conclusion concerning what equity actually requires, it therefore calls for a legal conclusion concerning alleged equitable principles applied to the facts of this case, and no response is necessary or appropriate.

20. FMC denies that BNY is entitled to assert a constructive trust over the proceeds of any liquidation of FMC's assets. FMC affirmatively alleges that any right to payment from FMC's liquidation proceeds that BNY may have is subordinate to the rights of other non-party creditors.

21. FMC denies the allegations contained in Paragraph 21 of the Complaint.

### THIRD CLAIM FOR RELIEF
### (Injunction)

22. As its response to BNY's allegations in its Third Claim for Relief, FMC incorporates by reference its responses contained in the previous paragraphs of its Answer as if set forth fully herein.

23. FMC denies the allegations contained in Paragraph 23 of the Complaint.

24. FMC denies the allegations contained in Paragraph 24 of the Complaint.

25. FMC denies the allegations contained in Paragraph 25 of the Complaint.

26. FMC denies the allegations contained in Paragraph 26 of the Complaint.

### FOURTH CLAIM FOR RELIEF
### (Breach of Indenture)

27. As its response to BNY's allegations in its Fourth Claim for Relief, FMC incorporates by reference its responses contained in the previous paragraphs of its Answer as if set forth fully herein.

28. FMC admits the allegations contained in Paragraph 28 of the Complaint.

482101. 1

29. FMC admits that it failed to make a payment to Plaintiffs on or October 30, 2007, or within thirty days thereafter. The remaining allegations contained in Paragraph 29 of the Complaint call for a legal conclusion, and therefore no response is necessary or appropriate.

30. Paragraph 30 of the Complaint refers to an excerpt from a document. FMC alleges that the document referred to speaks for itself and therefore no response is necessary or appropriate.

31. Paragraph 31 of the Complaint calls for a legal conclusion, and therefore no response is necessary or appropriate.

32. Paragraph 32 of the Complaint calls for a legal conclusion, and therefore no response is necessary or appropriate.

## GENERAL DENIAL

33. FMC denies deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

34. BNY's Complaint fails to state a claim upon which relief can be granted.

35. BNY has failed to join one or more necessary parties under Rule 19, Federal Rules of Civil Procedure.

36. Any right to payment from FMC's liquidation proceeds that exists in favor of BNY is subordinate to the rights of certain non-party creditors. FMC is presently subject to claims for payment by certain non-party creditors. Any future right to payment that exists in favor of BNY is contingent upon FMC satisfying its presently outstanding and continuing obligations to all non-party senior creditors. Therefore BNY is not presently entitled to judgment in this action.

37. BNY has not joined FMC's senior creditors as parties in this action, and it is therefore not entitled to assert a constructive trust over FMC's assets or enjoin FMC from paying

non-party creditors. Such remedies would interfere with FMC's ability to satisfy its obligations to senior creditors and impair the rights of non-parties to this action.

38. FMC reserves the right to amend this Answer to assert any other matter constituting an avoidance or affirmative defense, including without limitation those matters set forth in Rule 8(c) of the Federal Rules of Civil Procedure, if during the course of discovery such other matters are shown to be applicable.

WHEREFORE, FMC respectfully requests the following relief:

1. That BNY's Complaint be dismissed with prejudice in its entirety;

2. That BNY take nothing by its Complaint;

3. That FMC recover from BNY its taxable costs incurred herein;

4. That FMC recover from BNY its costs and expenses, including its reasonable attorneys' fees; and

5. That FMC be awarded such further relief as this Court deems proper.

DATED this the 20th day of December, 2007.

                        SNELL & WILMER L.L.P.

                    By: s/Jonathan M. Saffer
                        Christopher H. Bayley
                        Jonathan M. Saffer
                        One South Church Avenue
                        Suite 1500
                        Tucson, Arizona 85701-1630